### Beeson v. Hunt *et al.*

Contract: MORTGAGE: DAMAGES. The mortgagors of real estate, the mortgagee, and a purchaser of the mortgaged premises entered into agreement, by the terms of which the mortgagee was to release the mortgaged premises from the operation of the mortgage, upon the mortgagors rebuilding upon other land a mill received by them, as the consideration of the sale of the mortgaged premises, from the purchaser, putting the same in good running order and executing a mortgage thereon to the mortgagee in lieu of the other mortgage; the purchaser agreeing with the mortgagors to set up the engine and put it in running order, and they agreeing with him to have the mortgage discharged from the premises purchased by him when this was done. The purchaser performed his part of the agreement, but the mortgagors failed and refused after the mill was put in a good running condition to execute to the mortgagee a mortgage thereon in lieu of the other mortgage.

*Held,* —

1. That, as between the purchaser and the mortgagee, the rights of the latter were not affected by the failure of the mortgagors to perform their agreement.

2. That the mortgagors were liable in damages to the purchaser for the breach of their agreement to discharge the mortgaged premises.

*Appeal from Polk District Court.*

FRIDAY, JANUARY 29.

On the 12th day of March, 1858, J. P. Chandler and James T. Lockhart executed a deed of trust conveying certain lands to Spaulding, sheriff of Polk county, to secure Samuel Hunt in the sum of $1,222.85, to be paid by them on the 12th day of December, 1858. The instrument authorized Spaulding, " or other acting sheriff," upon default in payment of said sum at maturity, to sell the lands at public outcry upon giving certain notice. On the 26th of May, 1860, Hays, sheriff of Polk county, in accordance with the provisions of the deed of trust, sold and conveyed the land to the *cestui que trust*, Samuel Hunt, the defendant. On the 25th day of January, 1860, Chandler and Lockhart, who are made defendants in the suit, conveyed the land to the plaintiff, Beeson. This action was commenced July 7, 1860, and the plaintiff claims herein that the said trustee's sale and conveyance be set aside, or that he be permitted to redeem therefrom, and that proper relief be allowed him against defendants, Chandler and Lockhart, on account of their failure to discharge and satisfy said deed of trust. All other facts necessary for a proper understanding of the points ruled are sufficiently stated in the opinion.

By the decree of the District Court plaintiff was permitted to redeem from the trustee's sale and deed by the payment of $1,925.95 to the clerk for the use of defendant Hunt, within ninety days, and judgment was rendered against defendants Lockhart and Chandler for that sum in favor of plaintiff. Defendants appeal.

*Polk, Hubbell & Barcroff* for the appellants.

*Phillips, Gatch & Phillips* for the appellee.

BECK, J. — It is shown by the evidence that a part of the consideration paid by plaintiff to Chandler and Lock-hart for the lands, was a steam mill which, by the term of a written contract, was to be moved by them from the premises of plaintiff to the place where they intended to rebuild it. Plaintiff was bound by this contract to "set up the engine and place the same in running order," and the other parties obligated themselves, that, as soon as the mill was delivered on the premises where they designed locating it, they would have the lands released from the deed of trust thereon to Hunt. It is claimed by plaintiff, that, about the time of the execution of the deed and contract, and at different times thereafter, Hunt agreed that, when the mill should be set up on the premises selected for that purpose by Chandler and Lockhart, which were owned by him, and leased to them, he would release the lands from the deed of trust upon their executing a mortgage to secure the debt upon other lands and upon the mill; that this agreement was made with all the parties, the plaintiff as well as Chandler and Lockhart, and that plaintiff, relying upon this agreement of Hunt, executed the contract and proceeded in good faith to perform his undertaking, therein expressed, to put up the mill. The defendants contend that Hunt agreed to accept the other security when the mill should be "in good running order and doing a good business;" that Beeson failed to put it in such order, and that Chandler and Lockhart were compelled to expend a large sum in order so to do, and, on account of this failure of plaintiff, they refused to execute the security to Hunt necessary to obtain a release of the lands from the deed of trust; that about the first of July, 1860, the mill was put in good running order by Chandler and Lockhart, and no offer was made by them, after that time, to

execute the security, but they refused so to do when requested by Hunt, who, thereupon, proceeded to have the land sold by the trustee.

The evidence is voluminous and conflicting. We are able, however, to arrive at the following conclusions of fact:

1. That if Hunt did in fact agree to accept other security than the land in controversy for his claim, it was to include the mill when it should be in good running order and doing a good business.

2. The security contemplated under the agreement was never given or offered to be given by any of the parties to the agreement.

3. The mill was in the condition contemplated in the agreement before Hunt caused the land to be sold, and the agreement, so far as the mill was concerned, could have been performed.

4. After the mill was in the condition described by the terms of the agreement, Hunt proposed to accept the new security, but the proposition was declined by Chandler and Lockhart.

5. No fraud was practiced toward plaintiff by Hunt, either in the transaction prior to the sale, or in the sale itself.

6. The agreement between plaintiff and Chandler and Lockhart, in regard to putting up the mill, was sufficiently performed by plaintiff.

I. From these conclusions of fact, we are of the opinion that plaintiff is entitled to no relief by the redemption of the land, or otherwise, as against Hunt. Hunt's agreement was with plaintiff and Chandler and Lockhart; if they failed to perform their part of the agreement, he could not have been required to perform his. If their failure was the fault of Chandler and Lockhart, surely Hunt cannot be held liable therefor, and no equities arise

Beeson v. Hunt.

in plaintiff's favor thereby. In this view of the case, it is unnecessary to inquire whether the agreement is of such a character and so supported by a consideration that it could have been enforced by plaintiff against Hunt. Hunt having neither practiced fraud upon plaintiff, nor violated his agreement in the transaction, and the sale upon the trust deed, so far as the facts appear in the record, having been regular, the sale cannot be disturbed nor the deed set aside.

II. There is no controversy that Chandler and Lockhart agreed, upon a sufficient consideration, to discharge the lien of the deed of trust from the land, and their failure to do so is admitted, but is attempted to be excused because plaintiff did not perform his agreement to put up the mill. This defense, we have found, is not sustained by the evidence. They are liable, therefore, to plaintiff on account of their failure to discharge the land from the lien of the deed of trust. Whether the judgment rendered against them by the District Court be in the sum to which they are legally liable, we will not inquire. No objection is made by them, in this court, to this judgment on that account, and we will not therefore reverse it unless such reversal is asked by the plaintiff. Inasmuch as this judgment, without the right to redeem the land under the sale by the trustee, may not, as against them, give plaintiff all the relief to which he may be entitled, the reversal may depend upon his option.

The decree as against Hunt is reversed, and the cause is remanded, with directions that the judgment against Chandler and Lockhart stand affirmed, unless plaintiff otherwise elect. In that case, he shall have the right to dismiss his petition without prejudice as against Chandler and Lockhart.

Reversed.